UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY MARTIN HICKS,

    Plaintiff,

v.  Case No. 8:14-cv-1733-T-33TBM

CAROLYN W. COLVIN, Acting
Commissioner of Social
Security Administration,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Jeffrey Martin Hicks' Uncontested Petition for Attorney Fees Pursuant to Equal Access to Justice Act (Doc. # 17), filed on December 1, 2014. Hicks seeks an award of $768.05 in attorney's fees. For the reasons that follow, the Court grants the Motion.

**A.  Eligibility for Award of Fees**

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, requires an award of attorney's fees and costs to any party prevailing in litigation against the United States, including proceedings for judicial review of Social Security Administration Agency action, unless the Court determines that the position of the United States was substantially

justified or that special circumstances exist and make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party, (2) the application for such fees, including an itemized justification for the amount sought, is timely filed, (3) the claimant had a net worth of less than $2 million at the time the complaint was filed, (4) the position of the government was not substantially justified, and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

1.  **Prevailing Party**

The Judgment in this case reversed the final decision of the Commissioner and remanded the case for further consideration pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). (Doc. # 15). "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Thus, Hicks qualifies as the prevailing party in this action.

2.  **Timely Application**

The EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final

2

judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The thirty day clock did not begin to run in this action until this Court's Judgment, entered November 26, 2014 (Doc. # 16), became final, which would have occurred at the end of the sixty day period for appeal provided under Rule 4(a)(1)(B), Fed. R. App. P. See Shalala, 509 U.S. at 302. Hicks' Motion was filed on December 1, 2014, and included an itemized justification for the amount sought. (Doc. ## 17, 17-1). Therefore, the Court finds Hicks' application for attorney's fees to be timely.

    **3.**    **Claimant's Net Worth**

Hicks' Motion asserts that his "net worth at the time this proceeding was filed was less than two million dollars." (Doc. # 17 at 2). The Commissioner does not contest this assertion. Accordingly, the Court finds this requirement to be satisfied.

    **4.**    **Lack of Substantial Justification**

The burden of proving substantial justification is on the government. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). "Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified." Kimble ex rel. A.G.K. v. Astrue, No. 6:11-cv-1063, 2012 WL 5877547, at *1 (M.D. Fla.

3

Nov. 20, 2012). In this case, the Commissioner does not dispute the issue of substantial justification. Thus, the Court finds that the government's position was not substantially justified.

### 5. No Special Circumstances

Finally, the Commissioner has not made a claim that any special circumstances exist that countenance against the awarding of fees. Accordingly, the Court finds no special circumstances indicating an award of fees would be unjust.

### B. Amount of Fees

Having determined that Hicks is eligible for an award of fees under the EAJA, the Court now turns to the reasonableness of the amount of fees sought. Hicks requests an award of $768.05 in attorney's fees, representing 4.1 hours at an hourly rate of $189.77 for work performed. (Doc. # 17 at 2).

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour *unless* the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A). The Court accepts Hicks' contention that a statutory cost of living adjustment in the hourly rate is

appropriate. "The hourly statutory cap of $125.00 should be increased due to the increase in the cost of living which has occurred since the EAJA was reenacted on March 29, 1996." (Doc. # 17 at 8). The Commissioner does not oppose this proposed hourly rate.

Hicks seeks an award based on a total of 4.1 hours of attorney time. The Court believes 4.1 hours of attorney time is reasonable in this case. Therefore, the Court finds $768.05 is a reasonable fee in this case.

**C.     Payment of Fees**

The Supreme Court established in Astrue v. Ratliff, 560 U.S. 586 (2010), that EAJA payments may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to his attorney. In the Motion, Hicks submits that "Plaintiff assigned his right to attorney fees to Richard A. Culbertson. The parties have agreed that after the Court issues an order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's

counsel." (Doc. # 17 at 2). As such, the Court will leave to the parties the determination of to whom the fees shall be paid.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Uncontested Petition for Attorney Fees Pursuant to Equal Access to Justice Act (Doc. # 17) is **GRANTED** in the amount of $768.05.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 1st day of December, 2014.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record