```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION


JEFFREY MARTIN HICKS,

          Plaintiff,

v.                                Case No. 8:14-cv-1733-T-33TBM

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____/
```

**ORDER**

This matter is before the Court on consideration of Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee Pursuant to 42 U.S.C. § 406(b) (Doc. # 19), filed on September 8, 2015. For the reasons that follow, the Court grants the relief requested.

**I.   Background**

Plaintiff initiated this action on July 17, 2014, seeking review of a decision of the Commissioner denying Social Security benefits. (Doc. # 1). On November 13, 2014, the Commissioner filed an unopposed motion to remand, requesting that the case be remanded under sentence four of 42 U.S.C. § 405(g) to the Commissioner for further action. (Doc. # 14). Accordingly, on November 25, 2014, this Court entered an Order reversing and remanding Plaintiff's case for

further proceedings. (Doc. # 15). Plaintiff petitioned for an award of attorney fees under the Equal Access for Justice Act (EAJA), 28 U.S.C. § 2412 (Doc. # 17), which this Court granted in the amount of $768.00 on December 1, 2014. (Doc. # 18).

After the remand, Plaintiff received an award of Social Security benefits and was notified of his entitlement to such benefits in a letter issued by the Social Security Administration on August 30, 2015. (Doc. # 19-2). The letter calculated the total amount of past due benefits as $74,604.00 "for August 2008 through May 2015." (Id. at 3). The letter additionally explained that the SSA withheld for attorney fees $18,651.00, which represents 25% of past due benefits (Id. at 4), $768.00 of which has already been paid to Plaintiff's counsel, Richard Culbertson, Esq., for his work at the administrative level in accordance with 42 U.S.C. § 406(a). According to counsel, he spent 4.1 hours on this case (not including time billable to the Government under the EAJA) and has agreed to reduce the amount of attorney's fees from $17,882.95, to $3,500.00, with Hick's agreement.

II. **Discussion**

"Fees for representation of individuals claiming Social Security old-age, survivor, or disability benefits, both at

2

the administrative level and at court, are governed by prescriptions Congress originated in 1965." Gisbrecht v. Barnhart, 535 U.S. 789, 793 (2002) (citing 42 U.S.C. § 406). "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." Id. at 794.

The Supreme Court has explained the operation of § 406(b) as follows:

> For proceedings in court, Congress provided for fees on rendition of "a judgment favorable to a claimant." The Commissioner has interpreted § 406(b) to "prohibit a lawyer from charging fees when there is no award of back benefits."
> As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the past-due benefits."
>
> \*   \*   \*
>
> [Section] 406(b) does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

3

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case . . . . If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

Id. at 795, 807-08 (internal citations omitted).

The Eleventh Circuit has held that "42 U.S.C. § 406(b) authorizes an award of attorney[ ] fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).

In this case, Plaintiff's counsel's requested award does not exceed the statutory cap imposed by Congress. Furthermore, there is no indication of any delay in this matter attributable to Plaintiff's counsel that would warrant a reduction in the requested fee and, notably, the requested award as unopposed. The efforts of Plaintiff's counsel have resulted in an award of over past-due benefits. Thus, in accordance with many other courts within the Eleventh Circuit, the Court finds Plaintiff's counsel's requested fee

4

of $3,500.00 to be abundantly reasonable. See, e.g., Claypool v. Barnhart, 294 F. Supp. 2d 829, 832 (S.D. W. Va. 2003). (when past due benefits were $196,819, awarding $18,000 as a reasonable fee even though counsel only expended 12.5 hours on the case); Watterson v. Astrue, No. 3:06-cv-369-J-HTS, 2008 WL 783634 (M.D. Fla. Mar. 21, 2008) (awarding $28,767.10, equal to 25% of plaintiff's total award of benefits). The Court therefore grants the Petition for Award of Attorney Fees under 42 U.S.C. § 406(b).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee Pursuant to 42 U.S.C. § 406(b) (Doc. # 19) is **GRANTED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of September, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

5